Counsel claim that the delinquent list showed upon its face an exhorbitant and unlawful rate of taxation.
The complaint alleged the levy of a tax of $2.65, in addition to the state's levy of $1, upon each $100 value of property *Page 367 
within the county, and, as special taxes, the levy of 50 cents upon each $100 value of property within the town of Austin, for town purposes, and the levy of 10 cents upon each $100 value of property within the county for the county road fund. The whole amount of the levy was $6,554.25, of which $4,982.08 was county and special taxes, and $1,572.17 state tax.
The statute provides that the delinquent list shall beprima facie evidence to prove the assessment, property assessed, the delinquency, the amount of taxes due and unpaid, and that all the forms of law in relation to that assessment and levy of such taxes have been complied with. The state availed itself of this evidence. As the case then stood, it was not incumbent upon it to prove that an indebtedness not bonded or funded, and contracted prior to January 1st preceding the levy, existed, authorizing the board of county commissioners to levy a tax for county purposes up to the limit of $2, nor to introduce evidence of that levy, or the levy of other taxes authorized to be levied by boards of county commissioners, and going to make the sum total of the levy in this case. The delinquent list did all that for it. To successfully attack the levy, defendant should have introduced the proceedings of the board in making it, and specifically pointed out its illegal features and fatal defects.
The question of the economical management of the road was submitted to the jury under instructions that are not questioned. In determining the value of defendant's taxable property, appellant claimed that items aggregating $8,577.29 should have been deducted from the profits. We conceded the claim for the purposes of the case, and it was shown that a profitable business remained, subject to taxation. But it was never admitted as a fact that this sum should have been deducted from the profits. From $17,090 profits, $6,554.25 should be deducted for taxes for the year, leaving $10,535.75 as net income. This sum should pay nearly 6 per cent per annum upon the assessed value of the property.
 Rehearing denied. *Page 368 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 369